IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY G. DOCKERY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>STEPHEN E. HERETICK, et al.,<br><br>Defendants<br><br>And<br><br>NEW YORK LIFE INSURANCE COMPANY, et al.,<br><br>Nominal Defendants | CIVIL ACTION<br><br>NO. 17-4114 |

Baylson, J.                                                                                                         August 1, 2019

**MEMORANDUM RE: DEFENDANT SENECA ONE FINANCE, INC.'S
MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND TO STAY**

**I.    Introduction**

This Court issued an Order and Opinion on May 14, 2019, (ECF 108–09), granting in part and denying in part Motions to Dismiss filed by Defendants 321 Henderson Receivables LLC ("321 Henderson"), J.G. Wentworth Originations LLC ("Wentworth"), Stephen Heretick ("Heretick"), and Seneca One Finance, Inc. ("Seneca"). Seneca now moves to certify that Order for interlocutory appeal regarding the Court's decision upholding venue as to Seneca. (ECF 114, "Mot." or "Motion"). Seneca also moves to stay this action pending the outcome of such appeal. (Id.). For the following reasons, Seneca's Motion is DENIED.

1

**II.     Background**

The factual background and procedural history of this case are largely set forth in the Court's Opinion dated May 14, 2019, and are incorporated here by reference. See Dockery v. Heretick, No. 17-4114, 2019 WL 2122988, *1–5 (E.D. Pa. May 14, 2019) (Baylson, J.).

Seneca, which does not reside in the Eastern District of Pennsylvania, challenged venue, among other things, in each of its motions to dismiss. Seneca argued that Plaintiff did not allege that any payments were made by or to Seneca in this District, and that Plaintiff did not otherwise allege that Seneca resides in, has an agent in, or transacts business in this District. Plaintiff argued that venue was proper because (1) a substantial part of the events giving rise to his claims arose in this District, see 28 U.S.C. § 1391(b)(2); and (2) 321 Henderson and Wentworth reside in this District and the Court can attribute the forum contacts of Seneca's RICO co-conspirators to Seneca for purposes of determining venue. See 18 U.S.C. § 1965(a).

In the Opinion denying the motions to dismiss, the undersigned found that venue was proper here because, under § 1965(a), venue is proper wherever a defendant resides, is found, has an agent, or transacts its affairs, and 321 Henderson and Wentworth do not dispute that they are located in this District. The Court also applied the concept of "pendent venue" to the state law claims because they arose out of the same operative facts, although the state law claims were ultimately dismissed. (See ECF 108 at 29–30).

Seneca now requests an order certifying an interlocutory appeal on the Court's venue decision, and argues that the decision to uphold venue over Seneca was wrong for two reasons:

(1)     The Third Circuit has not adopted the co-conspirator venue theory in the context of RICO claims, and other courts have rejected the application of the theory in similar contexts; and

(2) Even if the Third Circuit had adopted the co-conspirator venue theory as applied to RICO claims, it should not apply in Seneca's case because Plaintiff does not allege that 321 Henderson and Wentworth are Seneca's co-conspirators.

Seneca also requests that the Court stay these proceedings pending the resolution of the interlocutory appeal.

## III. Legal Standard

In general, a matter may not be appealed to a court of appeals until a final judgment has been rendered by the district judge. 28 U.S.C. § 1291. A district court may certify an order for interlocutory appeal only upon finding: (1) the order involves a controlling question of law (2) upon which there is substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Id. at § 1292(b). But, even if these threshold requirements are satisfied, the decision to certify an appeal rests within the discretion of the district court. United States v. Exide Corp., No. 00-cv-3057, 2002 WL 992817, at *2 (E.D. Pa. May 15, 2002) (Buckwalter, J.).

The burden is on the party seeking certification to demonstrate that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." Rottmund v. Cont'l Assur. Co., 813 F. Supp. 1104, 1112 (E.D. Pa. 1992) (Huyett, J.). As the Third Circuit has observed:

> It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. Both the district judge and the court of appeals are to exercise independent judgment in each case and are not to act routinely.

Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir. 1958). The statutory preconditions of § 1292(b) "are to be strictly construed and applied." Id. at 435.

**IV.     Analysis**

Seneca argues that the Third Circuit has not adopted the so-called "co-conspirator venue theory" for RICO claims. Under this theory, when a plaintiff alleges that multiple defendants have conspired together in a common scheme to defraud, venue is proper as to all defendants in any forum that has sufficient contacts with at least one of the co-conspirators. See Securities Inv. Protection Corp. v. Vigman, 764 F.2d 1309, 1317–18 (9th Cir. 1985) (adopting the co-conspirator venue theory in actions based upon violations of federal securities statutes). Seneca explains that the theory originated in the context of litigating federal securities claims, and the Third Circuit has not weighed in on whether it should extend to RICO claims. To the extent courts within the Third Circuit have considered this issue, their decisions have come out both ways. Compare Brown v. Access Midstream Partners, L.P., 141 F. Supp. 3d 323, 340 (M.D. Pa. 2015) (Mannion, J.), and Am. Trade Partners, L.P. v. A-1 Int'l Imp. Enter., Ltd., 755 F. Supp. 1292, 1304 (E.D. Pa. 1990) (Ditter, J.) (extending the co-conspirator venue theory to RICO claims), with Eaby v. Richmond, 561 F. Supp. 131, 140 n.2 (E.D. Pa. 1983) (Troutman, J.) (rejecting the co-conspirator venue theory for RICO claims).

Given the absence of controlling authority from the Third Circuit, and the conflicting opinions within and outside of the Third Circuit, Seneca argues that a substantial ground for difference of opinion exists on this issue. Seneca also argues that this issue presents a "controlling question of law" because, if venue is improper, then the Court's decision to uphold the RICO claims against Seneca would be reversable on final appeal. For the same reasons, an immediate appeal would materially advance the ultimate termination of this litigation for Seneca.

Seneca also argues that even if the Third Circuit had adopted the co-conspirator venue theory for RICO claims, it should not apply to Seneca in this case because Plaintiff has not alleged that Seneca conspired with 321 Henderson or Wentworth. Here, Plaintiff has alleged separate enterprises—both under theories of association-in-fact and legal entity—for each of the three Purchaser Defendants. Seneca argues that Plaintiff did the same under his RICO conspiracy count (Count V). Seneca claims that we cannot rely on the co-conspirator venue theory for RICO claims when Plaintiff has not alleged that Seneca conspired with the other Defendants that reside in this District.

The Court will not certify the venue decision for interlocutory appeal based on the absence of Third Circuit precedent regarding the co-conspirator venue theory for RICO liability. Nor has Seneca shown that "exceptional circumstances justify a departure from the basic policy against . . . postponing appellate review until after the entry of a final judgment." Rottmund, 813 F. Supp. at 1112. Under 18 U.S.C. § 1965(a)-(b), if venue is proper as to one RICO defendant, it may extend to all other RICO defendants if "the ends of justice require" it, even if venue would not otherwise be proper as to each of them. Otherwise, RICO enterprises could avoid, or at least stymie, civil liability by spreading their participants out across various judicial districts.

Count I of the Amended Class Action Complaint appeared to allege that all the Purchaser Defendants were part of the one association-in-fact enterprise. (ECF 75). Plaintiff did not clarify that it was alleging three separate association-in-fact enterprises until the Court directed him to amend Count I at the second oral argument. Plaintiff amended Count I by filing an entirely new complaint—the Second Amended Class Action Complaint. (ECF 99). After the Second Amended Class Action Complaint was filed, the Court determined that the previous briefing on the motions to dismiss should apply with equal force to the Second Amended Class Action Complaint, and

gave Defendants leave to file supplemental briefs regarding why Count I should be dismissed. Seneca's supplemental brief did not raise anew its arguments regarding venue. (ECF 100).

RICO § 1965(b) reads as follows:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

The statute does not speak in terms of "co-conspirators"; rather, it makes venue proper as to *other parties* residing in any other district. Seneca, even if it is not alleged to be a co-conspirator of 321 Henderson or Wentworth, is another party in the case. Given the totality of facts and the procedural history of this case, the Court has concluded that "the ends of justice require" finding venue proper as to Seneca, even though it is not alleged to have conspired with 321 Henderson or Wentworth, and even though there may be another venue that is proper for all three Defendants.[1]

## V.  Conclusion

For the foregoing reasons, Defendant Seneca One Finance, Inc.'s Motion to Certify for Interlocutory Appeal and to Stay (ECF 114) is DENIED. An appropriate Order follows.

O:\CIVIL 17\17-4114, Dockery v. Heretick\17cv4114 memo on motion to certify for interlocutory appeal

---

[1] Because the Motion to Certify for Interlocutory Appeal has been denied, the Court need not address Seneca's argument that this action should be stayed pending appeal.