IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY G. DOCKERY | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 17-4114 |
| | : | |
| STEPHEN E. HERETICK, et al. | : | |
| Defendant | : | |

**ORDER**

AND NOW, following upon Plaintiff Larry Dockery's ("Plaintiff") Motion to Compel Against Defendant Stephen Heretick ("Defendant") (Doc. 244), and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that Plaintiffs' Motion is **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that the Motion is **GRANTED** with respect to the discovery requests listed in paragraphs 1–8 below. Defendant shall supplement his responses as follows and in accordance with the directives set out in our accompanying Memorandum Opinion:

1. Defendant must fully respond to Plaintiff's **Interrogatory 1** by producing and/or identifying via bates number all affidavits sought by that Interrogatory within the transactions represented in the sample files; and

2. Defendant must fully respond to **Document Request 2** by producing and/or identifying via bates number any affidavits related to transactions represented in the sample files, to the extent they have not already been produced; and

3. Defendant must fully respond to **Document Request 3** and **Document Request 4** by producing and/or identifying via bates number any drafts and related documents involved in preparing affidavits for putative class members

        whose transactions are represented within the samples files, whether prepared by him or someone else; and

4. Defendant must fully respond to **Document Request 5** by producing and/or identifying via bates number any responsive communications related to transactions represented in the sample files, to the extent they are not privileged. If Defendant wishes to assert that the communications are privileged, he must amend his response to state the specific grounds for that assertion and provide a privilege log; and

5. Defendant must fully respond to **Interrogatory 2** and **Document Request 6** by producing and/or identifying via bates number any responsive communications related to transactions represented within the sample files; and

6. Defendant must fully respond to **Interrogatory 5** in accordance with his obligations under Fed. R. Civ. P. 33 and as set out in the accompanying Memorandum Opinion; and

7. Defendant must fully respond to **Interrogatory 9** by producing and/or identifying via bates number any communications responsive to the interrogatory; and

8. Defendant must fully respond to **Document Request 10** by producing and/or identifying via bates number documents reflecting his retainer agreements with Defendants J.G. Wentworth Originations, LLC and 321 Henderson Receivables, LLC.

The Motion is **DENIED** with respect to discovery requests listed in paragraphs 9–13 below:

9. No further response is required at this stage with regard to **Document Request 1**; and

10. No further response is required at this stage with regard to **Interrogatory 3** and **Interrogatory 4**; and

11. No further response is required at this stage with regard to **Interrogatory 6**; and

12. No further response to **Interrogatory 8** will be required upon Defendant's fulfillment of his stated intention to produce the responsive documents; and

13. No further response is required at this stage with regard to **Document Request 11**.

**IT IS SO ORDERED.**

BY THE COURT:

Date: January 27, 2021

\_/s/ David R. Strawbridge, USMJ\_\_
David R. Strawbridge
United States Magistrate Judge